UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARRIE LYNN VELEY,

                              Plaintiff,

                                           **DECISION AND ORDER**
v.                                                 18-CV-269-A

ANDREW M. SAUL, COMMISSIONER
OF SOCIAL SECURITY,

                              Defendant.

---

       Plaintiff Carrie Lynn Veley brings this action pursuant to the Social Security Act for review of a final decision of the Commissioner of Social Security[1] that denied her application for Supplemental Security Income under Title XVI of the Social Security Act. Dkt. No. 1. The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

       The parties each moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. Nos. 10 and 11. Upon consideration of the record, and for the reasons set forth below, the Court grants plaintiff's motion for remand and denies the Commissioner's motion.

## DISCUSSION

       The action is before the Court after a January 29, 2016 Decision and Order remanding plaintiff Veley's claims to the Commissioner for further administrative proceedings. *Veley v. Colvin*, 13-cv-1204-MAT, Dkt. No. 16. In a November 17, 2017 Decision, an Administrative Law Judge (the "ALJ") found plaintiff Veley ineligible for benefits upon remand on the ground that she was able, despite her medically-determinable severe and non-severe physical and mental impairments, to perform jobs that existed in the national economy. Tr. 775-785.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Commissioner of Social Security, Andrew M. Saul, is substituted for Nancy A. Berryhill, the Acting Commissioner when the action was filed.

The Court reviews the record after remand to determine only whether the Commissioner applied the correct legal standards and whether substantial evidence supports the Commissioner's final decision. 42 U.S.C. § 405(g). The Court assumes the parties' familiarity with the prior proceedings, the evidence, and the issues before the Court.

Upon remand, the ALJ acknowledged having been specifically directed, among other things, "to further develop the record as to the [plaintiff's] treating physicians and obtain clarification if necessary to further weigh the relevant opinions." Tr. 775. The ALJ failed to comply with these directions.

For example, the ALJ gave an opinion of a treating psychiatrist, Dr. Monir A. Chaudry, "minimal weight", primarily because of an inconsistency between the opinion and treatment notes of an affiliated social worker while the ALJ had only a single treatment note[2] of the psychiatrist's. Tr. 783. Dr. Chaudry opined that plaintiff would likely miss work more than four days a month and that her various limitations had persisted for approximately two to four years. Tr. 1694.

In determining the weight to give Dr. Chaudry's opinions, and all treating provider's opinions, the ALJ was obliged explicitly to consider the *Burgess*[3] factors: "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella v. Berryhill*, 925 F.3d 90, 95-96 (2d Cir. 2019) (quotation citing *Burgess*, 537 F.3d at 129 and 20 C.F.R. § 404.1527(c)(2) omitted). The ALJ's failure to do so while giving "minimal weight" to Dr. Chaudry's opinion was error. *Id.*

Moreover, the apparent inconsistency between Dr. Chaudry's opinion and the treatment notes of an affiliated social worker concerned whether plaintiff experienced suicidal ideations, and this inconsistency is not obviously material to whether plaintiff suffered from the extreme limitations in social interaction, concentration and memory

---

[2] Tr. 1664-65.
[3] *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008).

2

observed by Dr. Chaudry.  Nevertheless, the ALJ gave Dr. Chaudry's opinions of these limitations "minimal weight" without having Dr. Chaudry's treatment records, and without adequately considering other treating mental health provider's views.  *Estrella*, 925 F.3d at 95-96.  The Court therefore finds the ALJ failed to provide good reasons for affording Dr. Chaudry's opinion only minimal weight and that a remand is therefore necessary.  *Id.*

The remand to the ALJ also required the ALJ to contact another treating psychiatrist, Dr. Sampeth Neerukonda, and to:

> obtain a specific opinion from Dr. Neerukonda as to whether plaintiff suffers from either [bi-polar disorder or schizophrenia] to the degree described in a listing. *See* 20 C.F.R., Pt. 404, Subpt. P, App. 1 §§ 12.03, 12.04. The ALJ must also obtain from Dr. Neerukonda a detailed statement as to the functional limitations plaintiff experiences as a result of her mental health impairments.

Tr. 946.  If the administrative record before the ALJ is complete, the ALJ did not even attempt to obtain additional information from Dr. Neerukonda,  *See* Tr. 780; 1063-1126.  The ALJ was required to follow the directions given on remand.  20 C.F.R. § 404.977(b); *see* Tr. 946, 950.  No other information in the record resolves the issues that prompted this particular direction on the Court's prior remand to the Commissioner – ALJ did not even address Listing 12.03 pertaining to schizophrenia -- and another remand is therefore required.  *See e.g., Ellis v. Colvin*, 29 F. Supp. 3d 288, 299 (W.D.N.Y. 2014).

Moreover, an ALJ's evaluation of claimants' subjective symptoms "cannot be based on their general credibility but instead must be evaluated on the basis of the evidentiary record alone . . . and [must] be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms."  Soc. Sec. Rul. 16-3 (2016), 2016 WL 1020935 (rescinding and replacing Soc. Sec. Rul. 96-7p).  The ALJ is required to specify which testimony the ALJ finds not credible, and then to provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination.  *Chickori v. Astrue*, 534 F. App'x 71, 75-76 (2d Cir. 2013).  Accordingly, whether the plaintiff's evidence of her subjective symptoms was "entirely consistent with the medical and other evidence in the record" (Tr. 780), was not the correct legal standard for assessing the evidence of the plaintiff's

3

subjective symptoms.  The ALJ's findings with respect to plaintiff's statements therefore also require remand.

Plaintiff has advanced additional arguments for finding that the ALJ's decision was either not supported by substantial evidence or applied incorrect legal standards. "However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach [these issues]. *Will o/b/o C.M.K. v. Comm'r of Soc. Sec.*, 366 F.Supp.3d 419 (W.D.N.Y. 2019) (citing *Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016)) ("declining to reach arguments 'devoted to the question whether substantial evidence supports various determinations made by [the] ALJ where the court had already determined remand was warranted").

## CONCLUSION

Based on the foregoing, the motion of plaintiff Carrie Lynn Veley pursuant to Fed. R. Civ. P. for judgment on the pleadings (Dkt. No. 10) is granted and the case is remanded.  The Commissioner's cross-motion for judgment on the pleadings (Dkt. No. 11) is denied.  The Clerk shall enter judgment for the plaintiff and shall close the case.

**IT IS SO ORDERED.**

      *s/Richard J. Arcara*
    HONORABLE RICHARD J. ARCARA
    UNITED STATES DISTRICT COURT

Dated:  October 10, 2019